**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT UNIQUE HAINES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:09CV191 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion for extension of time to file

a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Upon

review, the Court finds that the motion must be dismissed for lack of subject matter

jurisdiction.

On February 8, 2008, the Court sentenced movant to an aggregate prison term

of 168 months. United States v. Haines, 4:07CR345 CDP (E.D. Mo. 2007). Movant

did not file a direct appeal.

Movant filed his motion for extension of time to file a motion to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255 on February 2, 2009. In his

motion, movant states that he needs an additional 90 days to prepare and file his

§ 2255 motion because he only recently received documents relating to his criminal

cases and because he has requested other pertinent records which he has yet to

receive. Movant did not submit a proposed § 2255 motion along with his extension. And the motion for extension does not contain any allegations sufficient to support a claim under § 2255.

A motion for extension of time to file a § 2255 motion is not a justiciable "case" or "controversy" within the meaning of Article III of the United States Constitution. Green v. United States, 260 F.3d 78, 82 (2nd Cir. 2001) (citing United States v. Leon, 203 F.3d 162, 164 (2nd Cir. 2000)). Consequently, a district court does not have subject jurisdiction over such motions and they must be dismissed. However, a motion for extension of time may be construed to be a § 2255 motion if it "contains allegations sufficient to support a claim under section 2255 . . ." Id. at 83. So, before dismissing a motion for extension of time for lack of jurisdiction, a district court should first view the motion liberally and determine whether it may be construed as a § 2255 motion. Id.

As stated above, movant's motion for extension of time does not contain any allegations sufficient to support a claim under § 2255. As a result, it must be dismissed for lack of jurisdiction. Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for extension of time to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of February, 2009.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE